**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NINFA RODRIGUEZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-71431

Agency No. A073-839-428

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Ninfa Rodriguez, a native and citizen of Mexico, petitions for review of a

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") order of removal.  Our jurisdiction is governed by 8

U.S.C. § 1252.  We review de novo questions of law, and we review for substantial

---

  [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

We deny Rodriguez's motion to remand because *Samayoa-Martinez v. Holder*, 558 F.3d 897, 901-02 (9th Cir. 2009), forecloses her contention that her statements to immigration officials at the border were obtained in violation of 8 C.F.R. § 287.3(c).

Contrary to Rodriguez's assertion, the agency applied the correct legal standard and properly distinguished this case from *Altamirano v. Gonzales*, 427 F.3d 586 (9th Cir. 2005). Substantial evidence supports the agency's finding that Rodriguez was removable for alien smuggling because the record contains Rodriguez's sworn statement admitting that she knew two of the passengers in the vehicle were attempting to enter the United States illegally, and that she had been involved in arranging their entry. *See Id.* at 595. Moreover, substantial evidence supports the agency's decision to credit the sworn statement over Rodriguez's internally and externally inconsistent testimony concerning when she first learned of the smuggling scheme. *See Wang v. INS*, 352 F.3d 1250, 1258-59 (9th Cir. 2003) (concluding that inconsistencies and implausibilities in testimonial and documentary evidence went to the heart of applicant's claim and supported IJ's adverse credibility finding).

Rodriguez's claim that the agency failed to consider evidence of her medical condition is belied by the record.

We lack jurisdiction over Rodriguez's claim that the IJ denied her the opportunity to offer sufficient testimony as to the conditions of her interrogation because Rodriguez failed to exhaust this claim before the BIA. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**